# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TIMOTHY HOWARD JOHNSON,

    Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

    Respondents.

Case No. 3:15-cv-00258-HDM-WGC

**ORDER**

       This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

       Petitioner has filed an application to proceed *in forma pauperis* in this action. (ECF No. 3). On November 18, 2015, petitioner paid the filing fee for this action. (ECF No. 4). Thus, the application to proceed *in forma pauperis* is denied as moot.

       The Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

It appears that the petition filed in this action is subject to dismissal as successive for failure to comply with the provisions of 28 U.S.C. § 2244(b). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition must first obtain authorization from the federal Court of Appeals to do so. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from the federal Court of Appeals before filing a second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the Court of Appeals before a second or successive habeas application under § 2254 may be commenced"). If an earlier federal petition is dismissed on the merits, any subsequent petition challenging the same conviction or sentence will constitute a second or successive petition. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

The Court takes judicial notice of prior habeas corpus actions filed by petitioner in this Court under the following case numbers: 3:88-cv-00483; 3:92-cv-00372; and 3:93-cv-00490. Petitioner's first habeas corpus action, filed as case number 3:88-cv-00483, was reviewed on the merits and denied by order filed May 19, 1989. (ECF No. 14 in 3:88-cv-00483). Petitioner filed a second habeas petition in case number 3:92-00372, which was reviewed on the merits and denied on May 19, 1994. (ECF No. 42 in 3:92-00372). Petitioner filed a third habeas petition in case number 3:93-490, which was dismissed on May 17, 1994. (ECF No. 8 in case number 3:93-490). Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals to file the instant successive habeas petition. As such, this the successive petition filed in the instant case is subject to dismissal. Petitioner will be given an opportunity to submit any proof he might have to demonstrate that he has obtained leave of the Court of Appeals to present this successive petition.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** such proof as he may have to demonstrate that he has obtained authorization from the Ninth Circuit Court of Appeals to present the successive petition filed in this

action.  If petitioner is unable to demonstrate that he has obtained permission of the Court of Appeals, the Court will enter an order dismissing the successive petition.

Dated this 15th day of December, 2015.

_____
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE